**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JAMES MALLARD,                          :           <u>NOT FOR PUBLICATION</u>
          Plaintiff,           :           **Memorandum and Order**
                            :
                            :           94-CV-223 (CBA)
          - v. -                     :
CHRISTOPHER POTENZA, SGT. McCABE,       :
and the CITY OF NEW YORK,               :
                            :
          Defendants.          :
------------------------------------------------------------ x
AMON, United States District Judge:


I.      **Background**

      James Mallard ("plaintiff") sued the defendants for alleged violations of his

constitutional rights under 42 U.S.C. § 1983, stemming from an illegal search and the seizure of

certain knives on June 1, 1990.  On December 31, 1996, the Court dismissed the search and

seizure claim against defendant Potenza ("defendant") on the grounds that the claim was barred

by the three-year statute of limitations applicable to § 1983 actions.  The Court held that

plaintiff's claim had accrued and the limitations period began to run on June 1, 1990—the date

of the illegal search—and his complaint, signed on January 12, 1994 and filed with the clerk on

January 14, 1994, was therefore untimely.

      However, in December of 2005, as jury selection for trial regarding the claims against the

other defendants was scheduled to commence, the Court informed the parties that it questioned

the validity of the December 31, 1996 decision in light of <u>Covington v. City of New York</u>, 171

F.3d 117 (2d Cir. 1999).  In <u>Covington</u>, the Second Circuit interpreted the Supreme Court's

decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and held that "if success on a § 1983 claim

would necessarily imply the validity of a conviction in a <u>pending criminal prosecution</u>, such a claim <u>does not accrue so long as the potential for a judgment</u> in the pending criminal prosecution continues to exist." <u>Covington</u>, 171 F.3d at 124 (emphasis added) (internal quotations omitted). In light of <u>Covington</u>, the Court postponed trial and ordered defendant to inform the Court of its position with respect to the timeliness of the claim against him. By letter dated December 14, 2005, defendant informed the Court that he would not contest the timeliness of plaintiff's claim, and the claim was reinstated.

The case proceeded to trial on October 16, 2006. Before the case was submitted to the jury, plaintiff moved for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on the claims against defendant. The Court denied plaintiff's motion. The jury then returned a verdict in favor of the defendants on three counts against the individual defendants and for plaintiff on the fourth count against the City of New York. (Tr. 497-99.) The jury awarded plaintiff one dollar. (Tr. 499.) Immediately after the verdict was rendered, plaintiff renewed his motion for a judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, as to the individual defendants. (Tr. 501.) By order dated July 27, 2007, the Court granted Plaintiff's motion as to defendant Potenza on the Fourth Amendment claim and scheduled a telephone conference for August 15, 2007, to discuss further proceedings.

Subsequently, on August 6, 2007, defendant moved by letter for dismissal of the claim against him relying on the Supreme Court's February 21, 2007 decision in <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007), which he believes renders plaintiff's claim untimely. After several letters to the Court and the August 15, 2007 phone conference, the parties briefed the issues raised in defendant's letter. Oral argument on the matter was held on September 11, 2007. For the

reasons stated herein, defendant's motion is granted.

II.     **Discussion**

In <u>Wallace</u>, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 127 S.Ct. at 1100. In so doing, the Court expressly limited the delayed accrual rule of <u>Heck</u> (and applied by the Second Circuit in <u>Covington</u>) to situations in which there is a then extant conviction the validity of which would be impugned by success in the § 1983 action. <u>Id.</u> at 1097-98. The Court observed that in order to extend the <u>Heck</u> accrual rule to the facts before it, it would have to hold that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." <u>Id.</u> at 1098. Finding such a result untenable, the Court held that the <u>Heck</u> rule for deferred accrual "is called into play only where there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, 'an outstanding criminal judgment.'" <u>Id.</u> at 1097-98.

Accordingly, if <u>Wallace</u> applies to plaintiff's illegal search and seizure claim here, accrual of the statute of limitations would not have been delayed until October 1991, when the criminal charges against him were dropped, because no criminal conviction ever existed in this case—only the possibility of one. In the absence of the delayed accrual rule, the claim, according to this Court's earlier ruling, would have accrued at the time of the search, when plaintiff had reason to know his rights had been violated, and therefore would be untimely.

Plaintiff advances several arguments as to why his claim is not barred by the statute of limitations. First, he argues that <u>Wallace</u> applies only to claims for false arrest under § 1983, and

does not extend to his illegal search and seizure claim. Second, in a letter dated August 13, 2007 (submitted in response to defendant's August 6, 2007 letter and prior to briefing), he argues that the holding in <u>Wallace</u> should not be retroactively applied.[1] Third, he argues that even if <u>Wallace</u> were to apply, his complaint is still timely. And fourth, he argues that defendant has waived its right to assert the statute of limitations as an affirmative defense. The Court will address each argument in turn.

Plaintiff's first contention is that <u>Wallace</u> only applies to § 1983 claims for false arrest, and that <u>Covington</u> is still good law in this circuit with respect to a claim for an illegal search and seizure of property. (Plaintiff's Brief ("Pl's Br.") at 2-7.) Although <u>Wallace</u> did address a Fourth Amendment false arrest claim, the principle laid down in <u>Wallace</u> is, by its own terms, more far reaching. As is noted above, in <u>Wallace</u>, the Supreme Court concluded:

> [T]he <u>Heck</u> rule for deferred accrual is called into play only when there exists "a conviction or sentence that has <u>not</u> been...invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside <u>of an extant conviction</u> which success in that tort action would impugn.

<u>Id.</u> at 1097-98 (emphasis in original). Thus the <u>Wallace</u> Court made plain that the <u>Heck</u> rule for delayed accrual does not apply in the pre-conviction context. This would be true whether the claim which could potentially call into question the conviction arises from a false arrest or an improper search.

Plaintiff's argument that the rationale behind the rule applied in <u>Wallace</u> applies uniquely to false imprisonment cases, and therefore does not extend to claims seeking damages for an

---

[1]It is not clear that plaintiff is still pressing this argument. Although it was mentioned in his August 6, 2007 letter, it was not discussed in his subsequent formal brief. Nevertheless, the Court will address it below.

illegal search and seizure of property, is not persuasive. (Pl's Br. at 4-6.) Plaintiff refers

specifically to the Supreme Court's observation that:

> In an action for false arrest it would require the plaintiff (and if he brings suit
> promptly, the court) to speculate about whether a prosecution will be brought,
> whether it will result in conviction, and whether the pending civil action will
> impugn that verdict, see Heck, 512 U.S., at 487 n. 7, 114 S.Ct. 2364–all this at a
> time when it can hardly be known what evidence the prosecution has in its
> possession.

Wallace, 127 S.Ct. at 1098. Plaintiff then argues that search and seizure claims do not

necessarily raise these concerns, because, as was the case here, charges were brought almost

immediately after the search and therefore there was less need for the speculation that the

Wallace Court fears. Plaintiff's argument is unconvincing.

The concerns laid out in Wallace are not any less present in the context of a claim for an

illegal search and seizure of property. If the § 1983 action is brought promptly, a plaintiff and

the Court would still have to speculate about whether charges would be brought, whether they

would result in conviction, whether the pending civil action would impugn the verdict, and what

evidence (besides the illegally seized evidence) was in the prosecution's possession. Even in

plaintiff's case, where less speculation was required regarding whether or not charges would be

brought—because they were brought almost immediately—and where it was quite likely that

success in his § 1983 action would impugn a possible conviction, speculation regarding the

ultimate fate of the criminal prosecution would still be necessary. Moreover, nothing in Wallace

suggests that the determination of the accrual of the statute of limitations should depend upon a

case by case assessment of the ability to predict these outcomes.

Plaintiff cites no authority for the proposition that Wallace does not apply in the context

of § 1983 claim for an illegal search and seizure. Indeed, at this relatively early stage, the only

courts to consider the expansion of <u>Wallace</u> to the search and seizure context have made this rather modest leap.  <u>See</u> <u>Johnson v. Knox</u>, No. 3:07-CV-0170-N, 2007 WL 1975597, at *4 (N.D. Tex. July 5, 2007) (noting that the plaintiff's claim for false arrest had accrued despite the fact that a state criminal charge was pending under <u>Wallace</u>, then asserting that "[t]he same applies to Plaintiff's illegal search and seizure claim against Defendant"); <u>Kucharski v. Leveille</u>, 478 F. Supp. 2d 928, 932-33 (E.D. Mich. 2007) (discussing <u>Wallace</u> at length and interpreting it to extend to search and seizure claims);  <u>Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety</u>, No. 02-5470, 2007 WL 1038920, at *4 (D.N.J. March 29, 2007) (addressing New Jersey state constitutional claims for false arrest and illegal search and seizure, expressly applying the <u>Heck</u> and <u>Wallace</u> federal accrual jurisprudence to the state constitutional claims, and holding that the accrual rule of <u>Wallace</u> applies to both the false arrest and search and seizure claims); <u>Mettetal v. Vanderbilt Univ.</u>, No. 3:00-0940, 2007 WL 2577953, at *1-6 (M.D. Tenn. Aug. 31, 2007) (applies <u>Wallace</u> in the context of a search claim).  In sum, the Court fails to see any reasoned basis to distinguish between claims for false arrest and search and seizure, and therefore holds that <u>Wallace</u> applies with equal force to a claim for an illegal search and seizure.

Plaintiff also argues that <u>Wallace</u> should not apply "retroactively".  The Supreme Court has held that "when (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other courts must treat that same (new) legal rule as 'retroactive,' applying it, for example, to all pending cases, whether or not those cases involve predecision events."  <u>Reynoldsville Casket Co. v. Hyde</u>, 514 U.S. 749, 752 (1995) (attributing this rule to <u>Harper v. Virginia Dept. of Taxation</u>, 509 U.S. 86, 97 (1993)).  The Supreme Court

applied the new rule announced in <u>Wallace</u> to those parties. <u>See</u> <u>Wallace</u>, 127 S.Ct. at 1100.

Therefore, other courts must apply the rule to all pending cases. <u>See</u> <u>Lepe v. Banister</u>, No. 04-17209, 2007 WL 1493157, at *1 (9th Cir. May 23, 2007) (unpublished opinion) ("The new rules announced in <u>Wallace</u> apply retroactively to [the plainitff] because the Supreme Court applied these rules to the parties in <u>Wallace</u>."). Following this rule, courts have consistently applied <u>Wallace</u> in circumstances involving predecision events. <u>See, e.g.</u> <u>Holley v. County of Yolo</u>, No. Civ. S-06-2586, 2007 WL 2384680, at *3-4 (E.D. Cal. Aug. 17, 2007); <u>Johnson</u>, 2007 WL 1975597, at *4; <u>Kucharski</u>, 478 F. Supp. 2d at 930-33; <u>Watts v. Epps</u>, 475 F. Supp. 2d 1367, 1368-69 (N.D. Ga. 2007); <u>Gibson</u>, 2007 WL 1038920, at *4. Accordingly, the holding in <u>Wallace</u> is applicable to plaintiff's search and seizure claim in the instant case.

Third, plaintiff argues that even if <u>Wallace</u> were to apply retroactively to his search and seizure claims, the statute of limitations did not begin to run until the knives were destroyed on January 14, 1992, and his claim is therefore timely.[2] (Pl's Br. at 7-8.) He cites <u>Herrin v. Dunham</u>, 481 F. Supp. 2d 854, 858 (E.D. Mich. 2007), for the proposition that a seizure of

---

[2]The Court has already held to the contrary. In its December 31, 1996 Memorandum and Order dismissing this case as to Officer Potenza, the Court held that the statute of limitations began to run on June 1, 1990 under <u>Singleton v. City of New York</u>, 632 F.2d 185 (2d Cir. 1980). <u>See</u> Memorandum and Order dated December 31, 1996 (Docket No. 26) at 8-9. Therefore the Court need not address plaintiff's new arguments to the contrary under the doctrine of "the law of the case." "The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." <u>Aramony v. United Way of America</u>, 254 F.3d 403, 410 (2d Cir. 2001) (internal quotations omitted). However, "[a]pplication of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." <u>Id.</u> (internal quotations omitted). The Court will exercise its discretion and address plaintiff's argument, which, in any event, is without merit.

property continues until the property is returned, or, as was the case here, destroyed.[3]  (Pl's Br. at 7-8.)  However, Herrin is neither binding on this Court nor is it consistent with the weight of the authority on this issue.  The Court, therefore, declines to follow it.

"[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action."  Wallace, 127 S.Ct. at 1095 (internal quotations omitted, second alteration in original).  "[T]hat is, when the plaintiff can file suit and obtain relief."  Id. (internal quotations omitted).  The statute of limitations accrues "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action."  Singleton v. City of New York, 632 F.2d 185, 191-92 (2d Cir. 1980) (internal quotations omitted).

A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property."  United States v. Jacobsen, 466 U.S. 109, 113

---

[3]Both plaintiff's brief and the court in Herrin seem to rely on the notion that the Fourth Amendment violation itself is not completed until the property is returned (or destroyed) and therefore that accrual does not occur until then.  However, both can also be read to rely on a "continuing wrong" argument.  If advanced, this argument is without merit.  The "continuing wrong" doctrine is disfavored by courts in this circuit, and is only applied in "compelling circumstances."  See Nakis v. Potter, No. 01 Civ 10047, 2004 WL 2903718, at *10 n.2 (S.D.N.Y. Dec. 15, 2004) (collecting cases).  Moreover, as was noted in Herrin, "a continuing violation may not be based on the continuing effects of earlier unlawful conduct or on a completed unlawful act."  McFadden v. Kralik, No. 04 Civ. 8135, 2007 WL 924464, at *7 (S.D.N.Y. March 28, 2007) (citing Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1414 (S.D.N.Y. 1989)).  The continued possession of illegally seized property is merely the continued effect of the earlier unlawful seizure.  See Johnson v. Cullen, 925 F. Supp. 244, 248-50 (D. Del. 1996) ("Although plaintiffs were deprived of their property until it was returned to them, that was the constitutional ill effect of the original act of seizure.  It was not a series of repetitive or ongoing violations."); Remingo v. Kelly, No. 04 Civ 1877, 2005 WL 1950138, at *5-6 (S.D.N.Y. Aug. 12, 2005) (holding that an action for an illegal search and seizure accrues at the time of the illegal search, then going on to discuss the continuing wrong doctrine in the context of a due process claim, without having referred to it in the context of the seizure of property claim even though the defendant was still in possession of the property seized).  Accordingly, there was no "continuing wrong" in this case.

(1984). Moreover, "[o]nce th[e] act of taking the property is complete, the seizure [ends] and the Fourth Amendment no longer applies." Fox v. Van Oosterum, 176 F.3d 342, 351 (6th Cir. 1999); see also Lee v. City of Chicago, 330 F.3d 456, 460-66 (7th Cir. 2003); Malapanis v. Regan, 335 F. Supp. 2d 285, 291 (D. Conn. 2004) ("[T]he failure to return property does not give rise to a Fourth Amendment violation because it does not bring 'about and additional seizure nor change the character of the original seizure from a reasonable one to an unreasonable one because the seizure was already complete.'" (quoting Fox) (internal alterations omitted)); c.f. Villanova v. Abrams, 972 F.2d 792, 797 (7th Cir. 1992) (noting, in the context of a seizure of a person, not property, that "[t]he seizure is complete upon arrest, and the Fourth Amendment falls away"). Put another way, 'the Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property." Fox, 176 F.3d at 351.

Accordingly, a claim for an illegal search accrues when the property is taken (so long as the plaintiff knows or has reason to know of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action. See Remingo v. Kelly, No. 04 Civ 1877, 2005 WL 1950138 at *5 (S.D.N.Y. Aug. 12, 2005) ("Courts...have held, in the context of a section 1983 action alleging the wrongful deprivation of property, that the violation of one's civil rights accrues when the property is seized.") (collecting cases from various circuits); Tellier v. Krimmer, No. CV 96-1000 (RJD), 1996 WL 518108, at *1 (E.D.N.Y. Sept. 4, 1996) ("The law is clear that when a claim concerns the warrantless search and seizure of an individual's property, the statute of limitations accrues when the acts occurred...because plaintiff should have known or had reason to know of the

injury." (internal quotations omitted)); Kucharski, 478 F. Supp. 2d at 932 ("In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights. That event in this case was the illegal search and arrest." (internal quotations and citation omitted)). Therefore, in this case–as this Court held on December 31, 1996–the date of accrual was June 1, 1990, the date on which the property in question was seized. Because the Court has already held that Wallace applies to plaintiff's illegal seizure claim, the limitations period expired on June 1, 1993, prior to the commencement of this action in January of 1994.

Finally, plaintiff argues that even if his claim is time-barred, defendant has waived his right to assert a statute of limitations defense. The Court disagrees. An affirmative defense (like a statute of limitations defense) is waived if it is not included in a responsive pleading. See Travellers Int'l, AG v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994). In this case, the defendant has persistently pursued the statute of limitations defense. It was asserted in his answer to the original complaint, raised again at the summary judgment stage, and was included in his answer to the amended complaint. Defendant raised the defense again in his first submission to the Court after Wallace was decided. The Court fails to perceive a knowing and voluntary waiver in the context of these facts.

The only case cited by plaintiff to support his argument that a waiver occurred by virtue of the failure of defendant to raise this Wallace argument sooner can be readily distinguished. In M.E. Int'l v. Schenkers Int'l Forwarders, Inc., No. 88 Civ. 1429 (CBM), 1992 WL 295967, at *3-4 (S.D.N.Y. Oct. 2, 1992), on which plaintiff relies, the defendant was held to have waived a statute of limitations defense despite the fact that it was included in his answer to the complaint.

However, this was so because the defense was not included in the joint pre-trial order, which by its own terms was deemed to have amended the pleadings. Because of the general rule that an affirmative defense like the statute of limitations must be included in a responsive pleading, the court held that the statute of limitations claim had been waived. Here, at all times, the statute of limitations defense has been contained in defendant's operative pleading. Accordingly, the Court holds that defendant Potenza has not waived a statute of limitations defense.

III.     **Conclusion**

For the foregoing reasons, defendant's motion that the Fourth Amendment claim against him be dismissed is granted.


SO ORDERED.

Dated:       Brooklyn, New York
             November 21, 2007

                                             Carol Bagley Amon
                                             United States District Judge